UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ERIC HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.  07-CV-101-JHP-FHM |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Now before the Court is Plaintiff's Motion to Amend (Dkt.# 19).  Plaintiff requests leave of court to add claims of disparate impact based on race against the defendant, Federal Express Corporation ("FedEx").  The Defendant responded with a brief opposing the motion on August 30, 2007 (Dkt.# 20) and a supplemental response on October 1, 2007 (Dkt. # 21).  Thereafter, Plaintiff filed a reply brief on December 3, 2007 (Dkt.# 25), and Defendant filed a surreply on January 2, 2008 (Dkt.# 34).

Although Fed.R.Civ.P. 15 allows a party to amend pleadings, permission to amend is not to be given automatically, but rather, is allowed only "when justice so requires."  Of all the factors this Court may consider in ruling on this request, undue prejudice to the opposing party is perhaps the most important.  *See, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 322 ( 1971).* In the instant case, Defendant alleges it would now be prejudiced by Plaintiff's proposed amendment, as Defendant is entitled to judgment as a result of Plaintiff's pursuit of untenable claims.  Further, Defendant contends Plaintiff's claims are barred due to his failure to exhaust administrative remedies.

The Court finds Defendant would not suffer prejudice at this time if Plaintiff were allowed

to amend the Complaint. The Scheduling Order originally set in this case on May 25, 2007, was amended pursuant to a Joint Motion to Amend (Dkt.# 30). The Amended Scheduling Order entered December 28, 2007, sets forth a discovery deadline of June 6, 2008, and a trial date of July 21, 2008. Therefore, FedEx has an adequate amount of time to obtain discovery in regard to Plaintiff's additional claims.

FedEx, however, also contends Plaintiff has failed to exhaust his administrative remedies under Title VII. It is well-settled that a plaintiff is required to timely file a charge of discrimination with the Equal Opportunity Commission ("EEOC") or equivalent State agency prior to filing a civil action under Title VII. *Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997). The purpose of the requirement of filing a charge is to provide notice of the alleged violation to the employer and to provide the administrative agency with the opportunity to investigate and/or conciliate the claim. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.), cert. denied 522 U.S. 935 (1997).; *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003). The plaintiff's exhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII action in court. *Seymore*, 111 F.3d at 799.

"To exhaust remedies, an employment discrimination plaintiff must present his/her claims to the EEOC as part of the plaintiff's timely filed EEOC charge for which he/she has received a right-to-sue letter." *Boe v. Alliedsignal, Inc.*, 2000 WL 343792, p.2 (D.Kan.) citing *Simms v. Oklahoma rex el. Dep't. of Mental Health and Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). However, "[t]he Tenth Circuit has recognized two limited exceptions to the exhaustion rule. The first exception applies when the unexhausted claim is for discrimination 'like or reasonably related to the allegations in the EEOC charge.'" *Id. at 1327*. "The second exception allows for judicial consideration of claims 'not expressly included in an EEOC charge ... where the

conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made.'" <u>Boe</u> *2 citing <u>Martin v. Nannie & the Newborns, Inc.</u>, 3 F.3d 1410, 1416 n.7 (10th Cir. 1993). "This second exception applies in two situations: 1) the plaintiff's claims fall within the scope of the EEOC's actual investigation, or 2) the claim falls within the scope of an EEOC investigation which could reasonably be expected to grow out of the plaintiff's charge of discrimination." <u>Boe</u> *2 citing <u>Zapata v. IBP, Inc.</u>, 1998 WL 717677, *5.

In the instant case, Plaintiff's Charge of Discrimination before the EEOC alleged the following:

> *I believe I have been discriminated against due to my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, in that the procedure I used to contact customers was via telephone, rather than drive to the location and determine a customer was not home.  I am aware of many other drivers who use the same procedure, and therefore would have violated the same policy.  However, these persons were not discharged as I have been."*

Also, Plaintiff's General Intake Questionnaire, drafted without counsel, in support of his Charge of Discrimination, provides the names of Caucasian employees he alleges violated the same policy but were treated better than him.  Plaintiff's allegations make a clear reference to the Defendant's policy and state that he was treated differently than Caucasian employees who violated the same policy.  Plaintiff's disparate treatment claim that he was treated differently than other employees for similar violations is reasonably related to the claim that Defendant's policy had a discriminatory effect.

Despite the fact the EEOC did not actually investigate Defendant for disparate impact under Plaintiff's complaints, the claim falls within the scope of the EEOC investigation, which could reasonably be expected to have grown out of Plaintiff's Charge of Discrimination. "[T]he claim need not have been investigated by the EEOC so long as the claims would fall within the scope of an

EEOC investigation." *Boe* \*5. In *Pacheco v. Mineta*, 448 F.3d 783 (5th Cir.), cert denied *Pacheco v. Cino*, 127 S.Ct. 299 (2006), the Court held that a disparate-impact investigation could reasonably be expected to grow out of a plaintiff's administrative charge if it alleges: (1) a facially neutral policy; (2) that, in fact, has a disproportionately adverse effect on a protected class. "A neutral employment policy is the cornerstone of any EEOC disparate-impact investigation, since the EEOC must evaluate both the policy's effects on protected classes and any business justification for the policy." *Id*.

In this case, Plaintiff specifically alleged discriminatory treatment under Defendant's policy. Though the disparate impact claim was not specifically pled as a separate claim in the EEOC charge, it is based on the same factual allegations that support Plaintiff's claim of disparate treatment. This is not an attempt to add a claim based on different factual allegations of discriminatory conduct. It is reasonable to assume that in investigating Plaintiff's claims of disparate treatment, the EEOC would have investigated the policy Defendant allegedly violated to determine if it had a discriminatory effect on African-American employees, as Plaintiff claimed. Given Plaintiff's specific allegation about the policy and the fact the Defendant alleged his termination was based on the policy, the Court finds a disparate impact investigation could reasonably have been expected to have taken place.

Accordingly, the Court grants Plaintiff's Motion to Amend (Dkt. 19). Plaintiff is granted until Friday, February 15, 2008, to file an Amended Complaint.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma